Commonwealth ex rel. Denny, Appellant, *v.* Murdock.

Argued April 18, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Percy Allen Rose,* and with him *Shettig & Nelson, Daniel G. Murphy,* and *Tillman K. Saylor,* for appellant.

*J. Earl Ogle, Jr.,* and *John P. Connelly,* and with them *D. P. Weimer* and *James Y. Piper,* for appellee.

OPINION BY GAWTHROP, J., July 12, 1928:

A writ of habeas corpus was issued at the relation of John Denny to obtain the custody of his minor son, Jacob Milton Murdock Denny, born May 22, 1917. The petition averred that the respondent, the father of the child's deceased mother, had maliciously, feloniously, forcibly and unlawfully taken the child from the relator's possession in the City of New York on June 10, 1927, without his consent and against his wish and express prohibition. After hearing, the court below entered an order that the boy should remain in the custody of the respondent and his wife, and that the petitioner should not in any wise molest or interfere with the child or the possession or custody thereof. The relator appeals from that order, the sole complaint being, as stated by his counsel in his brief and at the oral argument, that the order of the court below was too drastic because it isolates the father entirely from his son and destroys all relationship between them by denying to the father any opportunity to exercise toward his son the parental instincts which characterize fatherhood. He asks for a modification of the order giving him the right to visit his son. After reading all the testimony for the purpose of making such order upon the merits. of the case as to right and justice shall belong, as we are required to do by the Act of July 11, 1917, P. L. 817, we find no reason for disturbing the order of the court below.

John Denny and his wife maintained their own household until about September, 1918, when their son attained the age of about sixteen months, when they moved into the home of the respondent and his wife in Johnstown, Cambria County,. after which time the grandmother had the care of the child until the death of the boy's mother on January 13, 1919. Following

the death of his wife, John Denny continued to live in the Murdock home for about four month's, when he moved to the Fort Stanwix Hotel in the City of Johnstown, leaving the child in the custody of the maternal grandparents until May 25, 1927. The grandparents reared, clothed, cared for and educated the child, with the exception of a few short visits with his father. The grandparents are people of excellent reputation and of ample financial responsibility to care for the child. He has been well reared by them. They have become greatly attached to him. The child has likewise become attached to the grandparents and expressed at the hearing his preference to remain with them. Shortly before May 25, 1927, Mr. Murdock had prepared a petition for the adoption of the boy and took up with the father the matter of obtaining his permission to adopt the child and sent the petition to the father at New York for execution. On May 25, 1927, the father came to Johnstown, went to the Murdock home and indicated his willingness to have the Murdocks adopt the boy. Late in the afternoon of the same day, he went to a house in the City of Johnstown, where the boy was attending a child's birthday party, and surreptitiously took him by automobile to New York and from there to Waterbury, Connecticut, and retained him in custody until June 10th, when he was found in possession of appellant's third wife in the City of New York and taken from her possession to the home of his grandparents in Johnstown. Appellant made information in the City of New York charging his father-in-law with the crime of kidnaping and procured a bill of indictment and the issuance of a warrant. After this had been done and appellant was served with a copy of a petition of the Murdocks for the adoption of the boy, he presented his petition for the writ in this case. At the hearing the respondent produced testimony which abundantly established the fact that the father was not at that time a fit and

proper person to have the custody of his son. It would serve no useful purpose to review the evidence supporting this conclusion. It is sufficient to remark that it discloses such a course of misconduct on the part of the father and his present wife as requires us to refuse to the father any control of the son at this time. Neither appellant nor his wife took the witness stand for the purpose of refuting the charges against the former. The law applicable to the case is well settled, the paramount consideration being the best interest and permanent welfare of the child: Com. v. Mauch, 91 Pa. Superior Ct. 220; Com. ex rel. Bloomfield v. Faxstein, 84 Pa. Superior Ct. 243. The general rule is that the father is entitled to the custody of his infant children, that right growing out of his obligation to maintain and educate them: Heinemann's App., 96 Pa. 112. But this right must be yielded if the child's welfare would be more secure elsewhere: Com. v. Mauch, supra. We are satisfied that the presumption in favor of the father is overcome by the evidence in this case.

Nor do we find any reason for modifying the order at this time. We do not interpret it as preventing the father from visiting the child. The language is that "John Denny shall not in any wise molest or interfere with the said child or the possession and custody thereof." We think that the father may visit the child at the home of his grandparents without violating the terms of the order. For that reason we do not modify it.

The order is affirmed.