Commonwealth of Pennsylvania ex rel. Stark v. Stark, Appellant.

Argued April 24, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Gawthrop and Cunningham, JJ.

W. Cooke McKean, and with him *Harvey A. Miller* of *Miller & Nesbit*, for appellant.

R. G. Bostwick, and with him *Carroll Caruthers*, of *Thorp, Bostwick, Stewart & Reed*, for appellee.

Opinion by Gawthrop, J., July 12, 1928:

This is a contest between husband and wife over the custody of their infant son born February 12, 1924. The parties were married September 4, 1920. Feeling that her husband was unkind to her, the wife left his home when the child was about two months old and went to the home of her parents. She returned to him about a month later and remained with him until April 2, 1927. On the morning of that day, after he went to his place of business, she left his home again, taking the child with her, and accepted employment as a housemaid in the home of H. H. Hopwood at Uniontown, Pennsylvania, doing "general all around maid's work," including cooking, dishwashing and scrubbing of floors, for $9 a week. She has no other means of support. She and the child occupy a servant's quarters, consisting of a room with a bath, over the garage connected with the house and take their meals with the family of the employer. About a

month after she left him, the husband learned where she and the child were. A little later he had an interview with her and tried to persuade her to return to live with him. She agreed to give him a final answer at the end of a week. On the evening of the second day thereafter, he went to the Hopwood home and finding the child on the lawn put him into an automobile and took him to his home in McCandles Township, Allegheny County. Thereupon, she filed her petition for a writ of habeas corpus and, after hearing, the court made an order that the father deliver the child to his mother. The father has appealed.

The paramount consideration is the best interest and permanent welfare of the child. The court below found that the mother is a good woman and a proper person to have custody of him. All the evidence is to that effect. This being so, it follows, other things being equal, that the child owing to its tender years, being but three and a quarter years old at the date of the order, was properly given to its mother. Com. ex rel. Keller v. Keller, 90 Pa. Superior Ct. 357. As we said in that case, it has been the usual practice in Pennsylvania, where no reason appears to the contrary, to commit a child of tender years to its mother, but that rule is not a rigid one and is not observed where the welfare of the child is not promoted by adherence to it. Ordinarily the needs of a child of tender years are best served by the mother who, in the common experience of mankind, is better fitted to have the charge of it. Upon full consideration, we are not inclined to hold that the present case should be excepted from that rule. It is to the best interest of the child to continue to have for the present the care and affection which his own mother alone can render him. As stated by Judge HARE in Com. v. Davison, 4 D. R. 103, "the wife is therefore frequently allowed, though in fault, to keep the children until they reach the somewhat undefined age, generally spoken of as

seven, when infancy terminates and boyhood and girlhood begins. Useful as this rule is, it nevertheless has some disadvantages and should not be carried further than the circumstances in each case require.'' When the reason for the rule ceases, it is not to be applied. We cannot close our eyes to the facts, abundantly established by the evidence, that the husband is also a proper person to have the custody of the child and that his wife left his home without sufficient reasons, at least under circumstances which gave her no ground for divorce. As we read the record, the relatrix can best serve the interest and permanent welfare of her child by returning to her husband. By failing to do so she wrongs him by depriving him of the paternal care which may be as essential as hers. It should not be understood that a wife can be assured of the continued custody of her children and that she forfeits nothing, by withdrawing from him, except his support. We deem it proper to remark that the time may soon come when the best interest and permanent welfare of the child may require that he be removed from his present environment, which is that of a child of a house servant, and that he have the surroundings and advantages which will result from his being placed in the custody of the father. We observe that the order does not recognize the father's right to visit the boy. As appellant does not ask to have the order modified, and we are advised that he has never been refused permission to see the child at the Hopwood home since the date of the order, and has visited him at least once a week, we do not modify it. That may be, and, of course, will be done, by the court below if it becomes necessary.

The order is affirmed at the costs of appellant.