## Commonwealth ex rel. v. Bretz et al.

*L. Ehrman Meyer*, for relator.
*Walter C. Graeff*, for respondents.

EHRGOOD, P. J., March 30, 1943.—This habeas corpus proceeding relates to the custody of Harper William Bretz and Robert Earl Bretz, minor sons of relator, Virginia Bretz, the mother. Respondents are Elmer Bretz, the father, and Clara Bretz, the mother

of the said Elmer Bretz and the paternal grandmother of said children.

The proceeding was originally instituted in the Court of Quarter Sessions of Lebanon County, Pa., which said proceeding was certified over to the Court of Common Pleas of Lebanon County, Pa., by direction of this court.

After hearing, at which all parties in interest were present and gave testimony, the following facts appear:

Harper William Bretz is approximately two years of age and Robert Earl Bretz is approximately three years of age. The parents were married on September 13, 1938, and have been separated since October 1942. Prior to their separation both husband and wife were residing at Fontanna, Lebanon County, Pa., and were working, and the children had been taken to the home of respondent Clara Bretz, where they were kept and maintained at the time of the said separation. Both the husband and the wife are employed. The wife is residing with her parents at Hershey, Pa. The other members of the household are the father, the mother, a sister, and the husband of the sister, who is a brother of Elmer Bretz. At the time of the separation it was agreed that the wife would return to her parents and the husband would return to his parents, which was and is at present where the children are being brought up. Relator made no demand for the custody of the children until just prior to the time of the institution of this proceeding. It was understood that the wife could come to visit the children at her convenience and it appears from the testimony that she had not seen these children for a period of six weeks prior to the hearing. Respondent Clara Bretz maintains a home in Lebanon County about three quarters of a mile from Campbelltown. The home in which the children are maintained is an eight-room house and the occupants thereof are respondent Clara

Bretz and her husband, an 18-year-old daughter, the respondent Elmer Bretz, and the two minor children. Both husband and wife are persons of good repute and both homes are reputable and physically adapted to the bringing up of said children. It also appeared that the wife had left the husband for a week two or three weeks prior to their separation for the reason that she wanted to secure employment, and that at the time the children were placed in the home of the husband's mother, with the assent of relator. This is persuasive of the fact that the present home is fit and suitable. Relator, when asked by the court as to her reason for bringing this proceeding, stated that she wanted the custody of the children because she did not want her husband to have them with another woman. There is no testimony to indicate that the husband will keep and maintain the children at any other home than their present one, and if such a situation should arise in the future the problem as to the custody of these children would again be considered by this court. That being the impelling reason for the bringing of the proceeding, and in view of the admissions of relator, by her former acts and otherwise, that the children are being properly maintained and brought up, this court is of the opinion that the best interests of the children at this time would best be served by having respondents retain the custody of them.

It has been the usual practice in Pennsylvania, where no reason appears to the contrary, to commit children of tender years to the mother, but that rule is not a rigid one; it is not observed where the welfare of the children is not promoted by adherence to it: Commonwealth ex rel. v. Stark, 94 Pa. Superior Ct. 86.

And now, to wit, March 30, 1943, after due and careful deliberation, under the present circumstances and conditions, it is ordered that the custody of Harper William Bretz, and Robert Earl Bretz, be retained by

respondents, and that they be kept and maintained in the home of Clara Bretz, the paternal grandmother, and that the mother, the relator, be permitted to visit and have the companionship of said children, at reasonable time, and under reasonable conditions, the cost of this proceeding to be paid by relator.