Commonwealth ex rel Reese *v.* Mellors et ux., Appellants.

Argued April 21, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Marquis M. Smith,* for appellants.

*R. B. Mitinger,* of *Mitinger & Mitinger,* for appellee.

OPINION BY HIRT, J., July 16, 1943:

This habeas corpus proceeding brought by the father, as relator, involves the right to the custody of a ten-year-old boy. The court awarded custody to the relator.

Following the death of his wife in April 1935 the father placed the child in the home of his sister and her husband, the appellants. Relator then returned to the home of his parents in Mt. Pleasant Township, West-moreland County, taking an older son with him. The farm is owned by the father's parents but is under lease to relator and his brother who works the land. The parents live in one-half of the house; the other half is occupied as a home by relator, his older son, his brother and wife and infant daughter. Relator is 42 years of age and has not remarried. Both he and respondents are proper persons to be entrusted with the child and there is no dispute on that ground. The appointments of both homes are adequate. Relator is a man of stability; he has worked steadily for the same employer for 24 years. He is financially able. His brother's wife is willing to receive the boy into their common house-hold and to give him necessary care.

Questions involving the custody of children, are among the most difficult which a judge is called upon to answer. Often no decision is possible without doing violence to the sensibilities of those who, having devel-oped a deep affection for the child over a period of years,

are called upon to surrender it to another. In the light of the principle, however, that the best interest and permanent welfare of the child must control (*Com. ex rel. Conway v. Preston,* 148 Pa. Superior Ct. 182, 24 A. 2d 772) we have no doubt as to the propriety of the order in this case.

It is to the advantage of all children of the same parents that they be reared together in the family relationship; brothers should not be separated without good reason. *Beaver's Appeal,* 121 Pa. Superior Ct. 159, 182 A. 744. In general the permanent welfare of a child is best promoted by entrusting it for maintenance and education to its parent, the natural guardian, and strong reasons must appear for departure from this usual course. *Com. ex rel. Keenan v. Thomas,* 151 Pa. Superior Ct. 131, 30 A. 2d 246; *Com. ex rel. Miller v. Barclay et ux.,* 96 Pa. Superior Ct. 315.

The motives of relator in seeking custody of his son have not been successfully impugned. And aside from the parental relationship there are advantages in awarding the child to him. At the time of the hearing respondent George Mellors was out of employment; his wife worked in a factory at Norvelt, daily, from 7:00 in the morning to 4:00 P. M. Her work demanded her best energies, and during working hours when the boy was not in school the household was in charge of a seventeen-year-old daughter. The boy's progress in school was not satisfactory and at least on one occasion Mrs. Mellors complained to relator that the boy was unmanageable.

The fact that respondents have become attached to the boy is not sufficient reason for depriving the father of his natural right to the custody and companionship of his son. *Com. ex rel. Miller v. Barclay, et ux.,* supra. Respondents must become reconciled to the change. However, they are estimable and substantial people and in spite of this proceeding there is no ill feeling be-

tween them and the relator. The two families live within four miles of each other. Gratitude to the respondents, for relieving relator of the care of the child for seven years, if nothing else, should prompt him (without any order of court) to share his son with them, at least to the extent of affording the opportunity for visitation upon proper occasion.

Order affirmed.