Commonwealth ex rel. Meighen *v.* Minor,
Appellant.

Argued April 16, 1945. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Eugene C. Sloan,* with him *J. C. Glassburn,* for appellant.

*Wade K. Newell,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

This is a habeas corpus proceeding for the custody of a child. Trenna Kathryn Baer, petitioner, and John Henry Minor, respondent, were married in Brownsville, Pennsylvania, August 3, 1939. They lived together in Brownsville until the latter part of 1940, at which time the petitioner left the respondent and in March 1941 obtained a divorce from him in Florida. On March 21, 1941, the petitioner and William M. Meighen were mar-

ried at Morgantown, West Virginia. A few weeks later the respondent and the petitioner went to Ohio, Michigan, and to Florida, where they lived together for eight months until February 1942, when they returned to Brownsville and lived together there from February 1942 until November 1943. On March 13, 1942, the child involved in this proceeding was born in Brownsville General Hospital, and in November 1943 the petitioner left the home of the respondent and went with the child to live in Windham, Portage County, Ohio, where since his return from a tour of overseas duty in May 1944, Meighen has lived with her and the child.

On August 13, 1944, the respondent went to the home of the petitioner in Windham and without her knowledge or consent, secured possession of the child and brought him to Brownsville. On August 16, 1944, the petitioner filed her petition for a writ of habeas corpus to secure custody of the seventeen-month-old child, and an answer thereto was filed. After hearing, the court below made an order restoring the child to the petitioner's custody "without prejudice to the right of the respondent, John H. Minor, to present a petition for a like proceeding in the courts of Portage County, Ohio, the purpose and extent of this order being in the mind of the trial judge to restore the status existing at the time of the taking of the minor child in question out of the custody of the petitioner at her domicile in that county and in that state."

In reviewing habeas corpus proceedings our duty is prescribed by the Act of July 11, 1917, P. L. 817, section 1, 12 PS section 1874, which directs that we shall consider the testimony and make such order upon the merits of the case, either in affirmance, reversal or modification of the order appealed from, as to right and justice shall belong. *Commonwealth ex rel. Tweedy v. Tweedy*, 74 Pa. Superior Ct. 577; *Commonwealth ex rel. Witte v. Witte*, 80 Pa. Superior Ct. 397.

In the instant case we have the situation in which two men claim to be the husband of the wife, and the

father of the child. Both men wish to live with her and have custody of the child. Appellant assigns as error the admission of parol evidence to prove the Florida divorce and also the refusal of the court below to determine the paternity of the child. We are of the opinion that neither the marital status of the petitioner nor the paternity of the child is of any materiality in deciding this case. The petitioner is the mother of the child, and unless there is disclosed in the record some reason to the contrary, and a careful examination of the testimony shows none, the child should be returned to her custody without regard to the fact that she is presently domiciled in another state. It has been the usual practice in Pennsylvania ever since the case of *Commonwealth v. Addicks,* 5 Binney 519, where no reason appears to the contrary, to commit a child of tender years to its mother. Ordinarily the needs of a child of tender years are best served by the mother who, in the common experience of mankind, is better fitted to have charge of it, though there are cases where the contrary appears. *Commonwealth ex rel. Keller v. Keller,* 90 Pa. Superior Ct. 357; *Commonwealth ex rel. Stark v. Stark,* 94 Pa. Superior Ct. 86.

The governing criterion is the welfare of the child. To this the rights of the parents and all other considerations are subordinated, and each case must be viewed in relation to the happiness, training, development and morals of the infant. The Act of June 26, 1895, P. L. 316, section 2, 48 PS section 92, which provides that in awarding custody of a child to a parent regard first shall be had to the fitness of the parent and the best interest and permanent welfare of the child, is declarative of the common law in this state. *Commonwealth ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 13 A. 2d 886.

The court below, who saw and heard the parties and their witnesses, decided the issue in favor of the mother, and after a careful consideration of the testimony we believe that, for the present at least, the child's life with

the mother will approximate normal to a greater degree than with anyone else. Considering the age of the child (17 months), his welfare and best interests will be better served by restoring him to the custody of his mother, and the order of the court below is affirmed.