## Commonwealth ex rel. Goldbaum *v.* Goldbaum, Appellant.

Argued April 28, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Peter P. Zion,* with him *Albert H. Friedman,* for appellant.

*Marshall A. Coyne,* with him *David J. Smyth* and *Gustave F. Straub,* for appellee.

OPINION BY RHODES, P. J., July 17, 1947:

This is a habeas corpus proceeding in which the mother (relatrix) seeks to regain from the father (respondent) custody of their two daughters, Judith, aged thirteen, and Elaine, aged eight. The court below awarded custody of both children to the mother; the father has appealed to this court.

Our prescribed duty, in reviewing on appeal cases of this type, has been frequently stated, and reiteration is unnecessary (*Hixon's Appeal,* 145 Pa. Superior Ct. 33, 20 A. 2d 925; *Com. ex rel. Meighen v. Minor,* 157 Pa. Superior Ct. 657, 43 A. 2d 590); while the fundamental and controlling principle is the determination of what

is best for the child or children under all the circumstances (*Com. ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 562, 25 A. 2d 855).

In the present case the parents had separated. The mother manifested a deep hostility toward the father, and efforts at reconciliation produced no results; between the older child and the mother there was manifest lack of affection. Both children clearly and reasonably expressed a preference to remain with the father with whom they have been residing for some time. Both parents are of good character, and their fitness need not be questioned.

Continuation of the present living arrangements seems to be the principal question for determination. We agree that the best interests and welfare of the children would not be promoted if they were separated.

During the time to which these proceedings relate, the two children have resided at 6462 Morris Park Road, Overbrook. By deed dated January 27, 1938, title to this home was vested in the father as trustee for the daughter Judith. The younger daughter, Elaine, was born subsequently on July 11, 1939. Both parents also resided with the children at this address until October 28, 1944, when the mother and father executed a separation agreement. Pursuant thereto the mother was given custody of the children and remained with them at 6462 Morris Park Road; and the father then established his separate residence at the Lennox Apartments, 13th and Spruce Streets, Philadelphia. During the ensuing period in which the mother retained custody, she took both daughters with her to a camp for children in the summers of 1945 and 1946. Both at the home and at camp, respondent visited his daughters. In 1945, he called for them at camp and took them on a trip to Canada. Again, on August 28, 1946, he called for the children just before the close of camp; but this time he took them back to 6462 Morris Park Road, and assumed the custody of the children himself. He engaged

a housekeeper for them. Relatrix has been permitted to visit the children, and she has made virtually daily visits.

Most of the testimony submitted was directed toward contrasting the relative merit of the care given the children during the mother's period of custody with that given them during the father's period of custody immediately preceding the hearing of the case. We are of the opinion that the best interests and welfare of the children require that they remain in their father's custody for the time being, thereby continuing the present living arrangements which have been satisfactory and conducive to the happiness and well being of the children. If the custody of the children is awarded to the father, the abode of the children will remain at 6462 Morris Park Road, whereas, if custody is awarded to the mother, their future abode will be somewhat precarious. And both children, who seem to be of sufficient intelligence, have expressed an unequivocal desire to remain where they are.

We think it is essential that the children should have a well established dwelling place. As previously indicated, the equitable title to the premises 6462 Morris Park Road is vested in the daughter Judith. Both children have formed neighborhood and school attachments, the older girl attending Bala-Cynwyd Junior High School, which she likes, and the younger girl attending Overbrook Elementary School at 63rd Street and Lebanon Avenue. On the other hand, the abode proposed by the mother is relatively unsatisfactory. It is a fourth-floor apartment, with elevator service, located on the Boardwalk, Atlantic City, New Jersey. This apartment would be available to the mother and children only nine months out of the year. During the three summer months, the apartment is rented to vacation tenants, and in this interval it would be necessary for the mother and the children to live elsewhere. Moving to Atlantic City would also involve discontinuance of

the associations which the children have formed and the attempt to create new friendships in a different environment.

Although the expressed wishes of the children are not controlling (*Com. ex rel. Stevens v. Shannon,* 107 Pa. Superior Ct. 557, 563, 164 A. 352), they constitute a factor which should be carefully considered (*Com. ex rel. Brown v. Lane,* 90 Pa. Superior Ct. 350, 352; *Com. ex rel. Denny v. Murdock,* 94 Pa. Superior Ct. 59, 61; *Com. ex rel. Weber v. Miller,* 84 Pa. Superior Ct. 409, 412). In the present case, it appears that the desire of both children to remain with the father is based upon their resentment at having their home divided, responsibility for which they attribute to the mother because of her refusal to consider reconciliation with the father. In the case of Judith, her feelings toward the mother may be largely justified from the fact that the mother is not fond of her. From the report of Dr. Frederick H. Allen, concerning his interview with the parties, incorporated in the record by agreement of counsel, it appears that the mother has little interest in, if not dislike for, Judith. The child is aware of this attitude. So long as this feeling between the mother and the older daughter exists, it constitutes a serious obstacle to the success of the mother as custodian of the children.

We have made a careful examination of the testimony; and we recognize a solution of the problem presented is not without some difficulty. Considering what we deem to be the best interests and welfare of the children, under all the circumstances, as they appear to us, we are obliged to differ with the conclusion of the court below, and to award custody of the children to the father, subject to the right of the mother to visitation and limited custody at proper times in order that a normal relationship so far as possible with both parents may be maintained. See *Com. ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 135, 47 A. 2d 534.

The order of the court below is reversed, and the record is remitted with instructions to enter an order awarding the custody of the children, Judith Irma Goldbaum, and Elaine Goldbaum, to the father, Berthold A. Goldbaum, subject to such regulations as may not be inconsistent with this opinion.