Commonwealth ex rel. Booth *v.* Jones, Appellant.

Argued March 25, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER. JJ.

*Alex J. McCloskey, Jr.,* for appellant.

*Paul C. VanDyke,* with him *James A. Cochrane,* and *Cochrane & VanDyke,* for appellee.

PER CURIAM, June 12, 1952:

This is a habeas corpus proceeding involving the custody of the six-year-old son of the parties thereto. The petition for writ of habeas corpus was presented to the court below by the mother of the child at the time the child was in the possession and custody of the father. After hearing, the court below awarded the child's permanent custody to his mother, but provided "That the mother, Marian Booth, be granted the right and privilege of entrusting the physical care and attention of her said son in her mother, Althea Bratton and her grandmother, Carrie Green, residing at 28 Cedar Street, Marcus Hook, Delaware County, Pennsylvania, at which residence the said child may live and remain until such time as the mother in her discretion may deem it expedient to provide for his care in her own home, . . ." The child's father was given certain rights of visitation. The father has appealed to this Court.

In reviewing proceedings of this type, it is for us to "consider the testimony and make such order upon the merits of the case . . . as to right and justice shall belong." Act of July 11, 1917, P. L. 817, §1, 12 PS §1874. See, also, Act of June 26, 1895, P. L. 316, §2, 48 PS §92. The fundamental and controlling principle to which every court must adhere is the determination of what is best for the child, including his physical, intellectual, moral and spiritual well-being. *Com. ex rel. Goldbaum v. Goldbaum*, 161 Pa. Superior Ct. 131, 53 A. 2d 746 ; *Com. ex rel. Children's Aid Society v. Gard,* 162 Pa. Superior Ct. 415, 419, 58 A. 2d 73, affirmed 362 Pa. 85, 66 A. 2d 300.

The record which has come to us on this appeal is incomplete and unsatisfactory for appellate review and for determination of the issue by this Court. This state of the record may be largely attributable to the atmosphere which pervaded the hearing in the court below.

It is unnecessary to review in detail the testimony upon which the order of the court below was made as the order of the court will be reversed and the record remitted for a hearing de novo.

The child, Paul W. Jones, Jr., was born on February 25, 1946. His parents separated in 1948, and were divorced in 1949. Respondent, the father, was remarried the same year. Relatrix, the mother, was remarried on September 18, 1950, and is employed in the office of the Recorder of Deeds at Media. Since the remarriage of relatrix and until August 5, 1951, the child has lived in Marcus Hook in a household composed of the maternal grandmother, great-grandmother, and an aunt. Relatrix made periodic visits to see the child. In 1949 relatrix and respondent agreed that relatrix retain custody of the child, and that respondent should have certain rights and privileges. At that time relatrix had not remarried and the child was

living with her. The present habeas corpus proceeding grew out of the fact that on August 5, 1951, respondent secured possession of the child and refused to surrender him to the maternal grandmothers. On August 15, 1951, relatrix filed the present petition for writ of habeas corpus.

On the present record a court could reasonably conclude that relatrix waived her right to custody of the child because of inadequate facilities after her second marriage and the attitude of her husband who did not testify. The general rule, to which reference is made in the opinion of the court, that a child of tender years should be awarded to the mother as the needs of the child are best served thereby has not been applied as the order of the court clearly demonstrates.

Moreover, a court should not be unmindful of the fact that a parent has the prima facie right to custody of his child, and that, although this right is not absolute it is forfeitable only by misconduct or by other factors which substantially affect the child's welfare. *Com. ex rel. McDonald v. Smith,* 170 Pa. Superior Ct. 254, 259, 85 A. 2d 686; *Com. ex rel. Burke v. Birch,* 169 Pa. Superior Ct. 537, 539, 83 A. 2d 426; *Com. ex rel. Fell v. Brown,* 100 Pa. Superior Ct. 353.

Interrogation of counsel for respondent by the court, and the extensive argument between court and counsel at the hearing did not contribute to the development of the facts nor disclose a calm consideration of the issues. Rather, the hearing judge displayed a lack of proper judicial attitude. Before the respondent-father had an opportunity to offer any testimony, the court said, inter alia, during the course of the colloquy: "But I am not going to grant him [the father] permanent custody on the facts of this case. . . . I am 100 per cent in favor of the mother, grandmother, great-grandmother."

The order of the court below is reversed, and the record is remitted for hearing de novo before another hearing judge.