## Commonwealth ex rel. Grue *v.* Sanford et al., Appellants.

Argued October 5, 1956. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*David M. Boyd,* for appellants.

*Robert T. Weniger,* for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

Jeanne E. Grue, relatrix and natural mother, filed a petition for a writ of habeas corpus to secure custody of her son, Hartley J. Sanford, 3d, from Virginia H. Sanford, the step-mother.

Relatrix, a native of California, married Hartley J. Sanford, Jr., on September 30, 1945 while he was stationed in Fresno, California as a member of the armed forces. Two children were born to their marriage, the boy, subject of the petition, and a girl, Sandra Lee, born about three years later.

In the fall of 1951, they moved to Wayne County, Pennsylvania and rented a house near the husband's parents. Some months later domestic trouble arose between the parties, and the wife seriously considered taking the children and returning to California. According to the testimony, the husband attempted to take the children from her, but succeeded in taking the boy only and placing him in the custody of the paternal grandparents. It was also testified that relatrix went to the home of the grandparents seeking the child and was informed that he was not there; that she telephoned Fresno, California, and was advised by an attorney to return to California while she still had the daughter; that she went back to California and lived there with Sandra Lee while the boy remained in Wayne County at the home of the paternal grandparents; and that she wrote to the boy and sent him presents in care of the grandparents.

The parties were subsequently divorced and Hartley J. Sanford, Jr., married Virginia H. Sanford, respondent, on August 2, 1953. On February 19, 1954, relatrix married Wallace Grue to whom she later had a child. No children were born to Hartley J. Sanford, Jr., and Virginia H. Sanford. The boy, subject of this

appeal, came to live with his father and stepmother on the date of their marriage and has been there ever since.

The father, Hartley J. Sanford, Jr., died in an accident on November 23, 1955. The relatrix was not notified of the tragic incident until January 12, 1956, despite the fact that correspondence was carried on between her and the parents of her deceased former husband. On January 12, 1956, she received a letter from a former neighbor in Wayne County who mentioned the accident. It is admitted that neither the paternal grandparents nor the respondent made any effort to notify relatrix of the death of the boy's father. Upon receiving further information, relatrix came back to Wayne County to regain custody of her son residing with respondent.

The question for us to determine is whether relatrix should be awarded custody.

A hearing was held before President Judge Bodie on February 17, 1956. An order was made on April 17, 1956 awarding custody of the child to its natural mother. The order was later stayed pending an appeal to this Court.

After a review of the record and consideration of the arguments and the opinion of Judge Bodie, we cannot find any compelling reason to reverse the order of the lower court. In a proceeding for the custody of a minor child, the paramount consideration is what will best serve the interest and welfare of the child, including its physical, intellectual, moral and spiritual well-being. *Commonwealth ex rel. Children's Aid Society v. Gard et ux.,* 162 Pa. Superior Ct. 415, 58 A. 2d 73. Relatrix and her present husband live with the boy's sister and another child in a comfortable home in a residential section of Fresno, California. The husband

is a graduate of the University of Southern California and employed by an insurance company at a salary of $450.00 per month.

What are the circumstances and environment in which the child is presently situated? He lives with his widowed step-mother in a home without modern facilities. A report of the principal of the school reveals that the child's appearance was untidy and its conduct fair but unmannerly; that his average mark is 65; that he is sloppy and disorganized in whatever he does; that he is not alway truthful and seems to crave attention; that he is poor in arithmetic and writing, though he is interested in science. Other remarks of the principal are that he is fond of his stepmother and appears to be happy in his environment. There is no evidence in the record of unfitness of the natural mother, nor that the child was ever abandoned by her. The lower court decided, under the circumstances, where the natural father is dead and no legal responsibility or obligation rests upon the respondent stepmother, to award custody to the natural mother.

On appeal in a child custody case, weight is to be given to the fact that the lower court had a better opportunity to pass upon the ability and character of the parties than the appellate court.

At the hearing the child stated that he wanted to remain with its stepmother. It is quite true that in the case of *Commonwealth ex rel. Goldbaum v. Goldbaum*, 161 Pa. Superior Ct. 131, 53 A. 2d 746, this Court ruled that in determining as between parents the custody of their children, the expressed wishes of the children constitute a factor which should be carefully considered, but are not controlling. The hearing Judge very ably pointed out that, when the mother is afforded her real opportunity to show her affection for

the boy, he will promptly respond. This Court has on numerous occasions pointed out that the solution of the problem is more difficult where a mother seeks to regain from a father custody of a child; there the factor of preference should be given consideration. The factor of preference, however, is not as important where the problem of preference arises between a stepmother and a natural mother. In *Com. ex rel. Stevens v. Shannon,* 107 Pa. Superior Ct. 557, 164 A. 352, this Court said "Even the preference expressed by a child must be based on good reason and the child's maturity and intelligence must be considered." The law does not set an age over which the wish of the child is to be respected, *Commonwealth ex rel. Shamenek v. Allen,* 179 Pa. Superior Ct. 169, 116 A. 2d 336. See also *Commonwealth ex rel. Mann v. Mann,* 181 Pa. Superior Ct. 438, 124 A. 2d 432.

The needs of a child of tender years are best served by its mother, and unless compelling reasons appear to the contrary, such child should be committed to the care and custody of its mother.

Considering what we deem to be the best interest of the child, with no reasons appearing to the contrary, we are in agreement with the opinion and order of the hearing Judge in awarding custody of the child to the mother.

Order affirmed.