## Commonwealth ex rel. Cleary v. Weaver

*Morton Fromm,* for petitioner.
*James T. Smith,* contra.

LIPEZ, P. J., October 4, 1957.—In this habeas corpus proceeding, petitioner, Marjorie L. Cleary, of Richmond, Va., asks us to grant her custody of her nine-year-old child, Vicki Lynn Weaver, who is presently in the custody of her paternal grandmother, Frances E. Weaver, of Mill Hall, this county, with whom she has resided since she was three.

The testimony discloses that petitioner and her then husband, Guy Weaver, separated in November 1951, while living in Richmond. They had two children, Bonnie Jean, now 14, who remained with petitioner, and Vicki, who came to Mill Hall with her father to the grandmother's home. They were divorced on January 16, 1954, and on October 1, 1955, petitioner mar-

ried John W. Cleary. The former husband, Guy Weaver, died in an automobile accident on May 11, 1957.

Petitioner is employed as a secretary in Richmond, earns a substantial salary and owns her home. During the six years since the separation from her late husband, she has seen Vicki four times. Three of the occasions were on visits to Mill Hall to either deliver the other child Bonnie, for a vacation with her late father, or take Bonnie back following the vacation, and the fourth was at the time of the father's death. All of these were fleeting visits and at no time did the child visit her mother in Richmond, though petitioner states this was due to the father's refusal to allow it. She has also spoken to her on the telephone a number of times and sent her gifts on her birthdays and at holidays.

Petitioner and her present husband stated that theirs has been a harmonious marriage and that it is their desire to eventually adopt both children. Her employment requires her to work from 10 to 6, but she stated that if she obtained custody of Vicki, she would work only part time, from 8 to 12. The husband, who is merchandise manager for a large store, earns a substantial salary and has two children by a prior marriage which ended in divorce. They live with their mother within a half hour's drive of Richmond and are being supported by him.

Respondent is a widow 56 years of age, presently employed by the Bald Eagle Nittany School in the cafeteria. She works there nine months of the year, arranges to get the child to school and is home upon the child's return from school. She owns her own home, has adequate income to support herself and the child, and is in good health.

The child is happy and well-adjusted, has made excellent progress in school and has received loving care

and attention from her grandmother. Though the father had the nominal custody of her, they lived with the grandmother throughout the years. The father's employment required him to be away from home long periods of time and hence the responsibility for the child's upbringing fell upon the grandmother. It is quite evident that there is a tender and harmonious relationship between them, and the grandmother and child have numerous friends and neighbors by whom they are highly regarded, and with whom they have most friendly relations.

Thus, we have a choice between allowing the child to remain with a devoted grandmother, who is able to look after her in a home and a community where she is happy and well-adjusted, or place her in a distant city with her mother, who is practically a stranger, a recent stepfather whom she does not know and who has obligations to his own two children, and a sister whom she has seen for varying periods during summers.

There is no mystic quality to blood relationship. The bond of affection between mother and child arises out of the nature and quality of their association and not from the mere ties of blood. It is fed and nurtured by the loving care the child receives from the parent, and this is especially true during the child's earliest years of recollection. Where, for whatever reason, the mother is absent during those early formative years and another devotes herself to the child, a bond equally as strong as that between parent and child is established, and should not be lightly severed.

The law does not operate in a vacuum, but is concerned with life and the problems of mankind. It considers that parents have rights, but the over-riding consideration always is the best interests of the child, to which the rights of parents and all other considerations are subordinated: Commonwealth ex rel. Meighen v. Minor, 157 Pa. Superior Ct. 657. "The

law does not require that the custody of a child shall in every instance be given to one of its parents. If it is for the best interests and welfare of the child that it be left in the custody of a third person the court may so order . . . The law does not require that the custody of the child be committed *to any particular person* . . . in every such case there are three interests to be considered, the parents, the State, the child; and of these three, the interest of the child is the most important": Petition of Sulewski, 113 Pa. Superior Ct. 301, 310.

Under the existing circumstances, we feel it would be contrary to the child's best interest to peremptorily remove her from the grandmother's home as requested. Perhaps a day will come when the mother can show us that the proper mother and child relationship has arisen and that it is best for the child to be with her. It is important, therefore, that she be accorded every reasonable opportunity to have the child with her. It is also important that petitioner's relatively recent matrimonial venture be on a thoroughly solid foundation before it is complicated by the presence of another child.

Today's adjudication does not forever foreclose the mother's rights. An adjudication of custody is based on the determination of the child's best interests at the time of the hearing before the court. It is temporary in nature and is subject to modification to meet changed conditions. What may be meet and proper today, may not be so tomorrow: Commonwealth ex rel. Schofield v. Schofield, 173 Pa. Superior Ct. 631.

We, therefore, enter the following

### Order

And now, October 4, 1957, it is ordered and decreed that custody of the child, Vicki Lynn Weaver, shall remain with the grandmother, Frances E. Weaver. Petitioner, however, shall have the right to custody

during the summer vacation months for at least two months and for one week during the Christmas holidays.