10566

WATKINS v. ROSE *ET AL.*

(105 S. E. 738.)

1. HABEAS CORPUS—COURT HAS JURISDICTION TO GIVE CHILD'S CUSTODY TO NONRESIDENT GUARDIAN.—In *habeas corpus* proceeding, a contention that the Court had no jurisdiction to award a minor child's custody to one residing beyond the jurisdiction is untenable, and, although wards should not be carried beyond the jurisdiction without the Court's consent, such consent is necessarily implied where the Court knew that the guardian resided without the jurisdiction.

2. HABEAS CORPUS—MATTER NOT RAISED IN LOWER COURT NEED NOT BE CONSIDERED ON APPEAL.—Upon appeal in a *habeas corpus* proceeding, whether the minor child's guardian living outside the Court's jurisdiction should have been required to give a bond for the child's return on proper occasion and demand, does not arise where not asked of the lower Court.

3. HABEAS CORPUS—COURT MAY PERMIT GUARDIAN TO TAKE MINOR BEYOND STATE.—The power of the Court over a ward is paramount to that of the parents and includes power to send such minor child or permit him to be taken beyond the State by his guardian, and such does not constitute a banishment.

4. HABEAS CORPUS—GIVING BOND FOR CHILD'S RETURN TO JURISDICTION IN COURT'S DISCRETION.—Whether the Court awarding a child's custody to a guardian living outside the State should require a bond for the child's return on proper occasion and demand is a matter of discretion, since otherwise the Court might be prevented from doing what is best for the child, as the guardian, being a stranger, might be unable to furnish the bond.

Before SEASE, J., Spartanburg, August, 1920.   Affirmed.

Petition in *habeas corpus* by Charles I. Watkins against Anna Belle Rose, his divorced wife, for the custody of their infant son, Clarence M. Watkins. From judgment awarding the custody to Mrs. J. W. Sherman, of Valdosta, Ga., to whom the child had been turned over by its mother, the petitioner appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Children are the wards of the Court and the Circuit Judge erred in sending the child outside of this jurisdiction:* U. S. Const., XIV Amend.; 75 S. C. 62; 6 L. R. A. (W. Va.) 621, 623.; vol. II, Code 1912, footnote, pp. 579, 580, 581. *Cannot send man outside of State as punishment for crime:* 36 S. E. 501; Const. S. C. 1895, sec. 5, art. I.

No appearance for respondent.

January 31, 1921.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Petitioner instituted proceedings in *habeas corpus* to obtain the custody of his infant son, six years of age, from Mrs. Sherman.  He alleged that he was married to the

respondent, Anna Belle Rose (who was formerly his wife, but subsequently divorced from him and married to another), and the child was born to them at Camden, S. C.; that they separated and the wife carried the child to Valdosta, Ga., and put him in the custody of his aunt, the respondent, Mrs. Sherman, who had brought him to Spartanburg, S. C., on a visit to her relatives; that neither Mrs. Rose nor Mrs. Sherman was a fit person to have his custody. Mrs. Sherman denied that the child was in her custody and alleged that he was then in the custody of Mrs. Rose, who was made a party to the proceeding. She alleged that she had been divorced from petitioner on account of his cruel and inhuman treatment of her, that she was a fit custodian of the child and he was not, and asked that she be allowed to have the custody of him.

After hearing the testimony, the Judge found that neither the petitioner nor Mrs. Rose was a fit custodian of the child, and awarded his custody to Mrs. Sherman, of Valdosta, Ga., who had had custody of him for the past several years. She testified that she was financially able to take care of him and was anxious to do so. The Judge found from the evidence that she was a fit custodian, and that it would be for the best interest of the child that he should be put in her care and custody, and so ordered. Mrs. Sherman immediately took the custody of the child and left the next day for Valdosta.

The contention of appellant that the Court had no jurisdiction to award the custody of the child to one who resides beyond the jurisdiction of the Court is untenable. *Ex parte Martin,* 2 Hill Eq. 71; *Hartley v. Blease,* 99 S. C. 92, 82 S. E. 991; *Jennings v. Anderson,* 104 S. E. 189; 22 Cyc. 519; *State ex rel. McGhee v. Super. Court,* 99 Wash. 619, 170 Pac. 130, L. R. A. 1918c, 921. It is

true as a general rule that wards of the Court should not be carried beyond the jurisdiction without consent of the Court. But here the consent of the Court was necessarily implied, because the Court knew that Mrs. Sherman resided without the jurisdiction when the custody was awarded to her. The question as to whether she should not have been required to give bond to return the child to the jurisdiction of. the Court, on proper occasion and demand, does not arise, because it does not appear that the Court was asked to require such a bond.

No constitutional right of the child was violated. Certainly he was not banished from the State, as contended by appellant. Certainly, a parent has the right to put his child in school outside of the State, and no one would say that he had banished him or denied him any constitutional right in so doing. The power of the Court is paramount to that of the parent. The power of the Court to do what is best for the child includes the power to send him or permit him to be taken beyond the State. To deny that power is to deny the power of the Court to do what is best for the child. It may be better in most cases to require a bond for the return of the child, on proper occasion and demand, as was done in *Ex parte* Martin. But that must be left to the discretion of the Court. To make the requirement absolute might prevent the Court's doing that which is best for the child, for the chosen custodian, being a stranger here, or having no property, might be unable to give a bond. Besides, in this case, the child was only temporarily within the jurisdiction.

Nor was any constitutional right of petitioner denied by the order. His right of custody and property in the services of the child is inferior to the power of the Court to do that which is best for him.

Judgment affirmed.

THE CHIEF JUSTICE and MR. JUSTICE GAGE did not participate on account of illness.