Com. of Pa. ex rel. Fell et ux. *v.* Brown, Appellant.

Argued November 18, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Bunting & Satterthwaite,* and with them *Buckman & Buckman,* for appellant.

*William R. Stuckert,* and with him *Webster S. Achey,* for appellee.

Opinion by Baldrige, J., December 12, 1930:

A petition was presented to the court below by the relator for a writ of habeas corpus to obtain possession of his two minor children, Grace Marie Fell and Howell Brown Fell, aged respectively, one and two years. The court after a full hearing granted the prayer of the petitioner and this appeal was taken.

The determination of the custody of children is, in most instances, a perplexing problem, especially, when, as here, the mother is dead and the children are of tender years. The general rule is that the father is entitled to the custody of his infant children

as the primary duty rests on him to maintain and educate them: Heinemann's App., 96 Pa. 112. This legal right of the parent to the custody, care and companionship of his children is not to be denied except for very persuasive reasons: Com. ex rel. Parker v. Blatt, 165 Pa. 213. The chief object always to be attained, however, is the welfare of the children.

Under the Act of July 11, 1917, P. L. 817, it is our duty in reaching a decision to review carefully all the testimony to determine the merits of the case as to right and justice shall belong.

The parents of these children were married May 26, 1925. After the marriage, the relator continued to live with his mother and his wife remained at her mother's home, several miles distant, until 1928, when they went to housekeeping in an apartment in the home of the relator's mother. At the end of three months, the wife returned to her mother's home. Shortly thereafter, they rented a house where they lived for another three months until January 23, 1929. The wife returned again to her mother's home where she remained until her death, February 21, 1930.

The appellant, the maternal grandmother, alleges that the relator forfeited his right to the custody of his children as he failed to provide for or show any paternal interest in them; that she is better able, financially, than the father to provide for them; and, further, that it was her daughter's dying wish that the children should remain with her. The apparent indifference of the father in not visiting and supporting his children is a matter for serious consideration. His explanation was that his dereliction of his plain, parental duty was due to domestic differences which he attributed to an interfering and dominating mother-in-law who criticized and condemned him, and that in order to avoid further disturbances he

remained away. We are not in sympathy with, nor do we approve of his conduct, but we do not regard it as controlling if he is now able and willing to discharge his obligations as a father and if the children's best interest will be subserved in delivering them into his possession.

It appears from the testimony that the relator's mother, with whom he lives, is 68 years old; that she has a large stone-stucco house with modern conveniences; that his sister, who has had years of experience as a governess, will return home and assume the care of the children; and that a portion of the year another sister, who is a school teacher, will be a member of this household. The relator is employed in the train service of the Reading Railroad with an average wage of fifteen hundred to seventeen hundred dollars per year. It would seem, therefore, that the children will be under proper influence and that the father is financially able to provide for them.

The appellant is 62 years of age, active in affairs outside of her own home, and lives alone, with the exception of an adult son who operates the farm on which they live. The house of the appellant is comfortable, although without modern conveniences. The appellant evidently has more financial resources than the relator but that of itself does not deprive the father of his right to the care and custody of his children.

After giving due weight to the best interests of the children, the respective homes available for them, and all other matters appertaining to their permanent welfare, we find ourselves in accord with the conclusion of the lower court.

Our attention has been called to the fact that the original order in this case was made June 27, 1930, and that on October 14, 1930, after the appeal was taken, under our Rule 58 the lower court filed an

opinion which the appellant contends limits the effect of its decree. The opinion in no wise revoked, revised or modified its order, a practice condemned by this court in Swartz et al. v. Biben, 87 Pa. Superior Ct. 270 (272), but very properly cautioned the relator that it expects him to abide by the representations made to the court and if there is a failure so to do, the door will not be closed against the appellant if its aid is sought; nor is the permission given the appellant and her family to visit the children at times that will be mutually convenient and to take them to her home for occasional visits a fundamental change of the order.

The appeal is dismissed.

KELLER and GAWTHROP, JJ., dissent.