## Commonwealth ex rel. Fortunes, Appellant, *v.* Manos.

Argued April 23, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Alexander Cooper,* with him *M. H. Claster,* for appellant.

*Robert W. Smith,* of *Smith, Best & Horn,* for appellee.

OPINION BY HIRT, J., June 25, 1940:

This habeas corpus proceeding relates to the custody of the child of relator and respondent. They separated six years after their marriage and entered into a written agreement determining the rights of each as to their five year old son. Within six months after the separation agreement relator brought an action of divorce on the ground of indignities occurring before the separation and a decree was entered in her favor. Respondent did not contest the action. The wife then remarried and since June 1938 has lived in an apartment in Brooklyn, N. Y. After her remarriage she made a request upon the respondent for the custody of the child for the summer of 1938 in accordance with the agreement but was refused, whereupon she went to Greensburg, removed the child from the school where it had been placed and took it with her to Rockaway Beach, L. I., where she lived with the child in a hotel. She returned the child to respondent within five weeks and before the reopening of the school. Since then the father has refused to perform his agreement and on instruction from respondent the school authorities have refused permission to relator to see the child except at the school. In this proceeding she sought the right to take the child to New York State for the period of one summer month of each year. This was denied by the lower court and the child was committed to respondent with the direction that it be placed for education in St. Xavier's Academy in Greensburg or other "proper and satisfactory" school, with the right in relator to visit her son "in such room ...... as may be provided, and at such times as may be reasonable and satisfactory, without interference or presence of other persons during such visits." The order forbade the removal of the child from the grounds or buildings of the institution.

The Act of June 26, 1895, P. L. 316 §2, 48 PS 92, provides that in awarding custody of a child to a parent, regard first shall be had to the fitness of the parent and the best interest and permanent welfare of the child. This Act is the logical outgrowth of the common law of Pennsylvania, (*Com. v. Addicks*, 5 Binn. 520), and is declarative of it. *Com. v. Hart*, 14 Phila. 352; *Com. v. Strickland*, 27 Pa. Superior Ct. 309. Within these limitations there can be no doubt as to the *power* of the court, to commit the custody of a child to a non-resident parent. *Commonwealth ex rel. Lembeck v. Lembeck*, 83 Pa. Superior Ct. 305 is not an authority to the contrary for in that case it was held merely, that in awarding custody of a child to an institution in New York State, the lower court exceeded its proper discretion under the circumstances. In *Com. v. Black*, 79 Pa. Superior Ct. 409, an order of custody of children to the mother was affirmed notwithstanding her known intention of establishing a home for them in the State of Maryland. That power in the court is everywhere recognized. 20 A.L.R. 838. To the many cases there cited may be added: *Hart v. Hart*, 254 N. W. 207 (Mich.); *Bennett v. Bennett*, 280 N. W. 363 (Wis.); *Mattox v. Mattox*, 264 Pac. 898 (Okla.). Though the court has the power to commit a child to a non-resident parent, only unusual circumstances can justify the placing of the child beyond the jurisdiction of the court.

Throughout a consideration of the record in this case the conviction persists that the father has not performed his full duty toward his infant son and that the order of the court fails to serve the best interests of the child in a number of respects. In effect, the child has been committed to an institution and is resident there throughout the year. This is an easy solution of the problem without due consideration to the permanent welfare of the child. The best of institutions, however

kindly and efficient its management is but an indifferent foster parent and, with rare exceptions, is not as productive of desirable results as the average home. The placing of a normal young child in an institution can be justified only as a temporary measure. All that an institution may provide cannot compensate for the loss of home life with his own family. Respondent should provide a normal home for the child if at all possible, failing which, we are of the opinion that the unusual circumstances and the best interests of the child justify an order permitting the mother to take the child to New York State to live with her there for at least one month of the summer vacation period. Ordinarily the needs of a child are best served by the mother. *Com. v. Keller,* 90 Pa. Superior Ct. 357. It is conceded that she is a proper person and it may be assumed from her past conduct that she may be trusted to comply with any order of court. A reasonable compliance bond, such as she can furnish, may be required. *Com. v. Strickland,* supra.

In any event the mother should be permitted to see her child at the school without formal restrictions. It is against public policy to destroy or limit the relation of parent and child. *Com. v. Manning,* 89 Pa. Superior Ct. 301; *Com. ex rel. Bloomfield v. Faxstein,* 84 Pa. Superior Ct. 243. Relator also should be allowed to take the child out of the buildings and beyond the school grounds at proper times, on the occasions of her visits. If the father does establish the child in a normal home the mother should, nevertheless, have the right to its custody during the summer vacation period but in that event a restriction that she come to Pennsylvania and live with her child within this State during the periods of custody, would be reasonable.

It is directed that the order be amended accordingly, the costs on this appeal to be paid by respondent.