Pyles, Appellant, *v.* Pyles.

Argued April 23, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*A. C. Scales,* with him *Scales, Loughran & Shaw,* for appellant.

*Carroll Caruthers,* for appellee.

OPINION BY DITHRICH, J., July 19, 1945:

The parents of the children involved in this habeas corpus proceeding were divorced in the Circuit Court of Preston County, West Virginia, upon a cause of action arising in West Virginia and where the respondent was domiciled and resided at the time of the entry of the decree.

The relator and the respondent have four children, two girls and two boys. While the divorce proceeding was pending, the relator, without the knowledge or

consent of the respondent, removed the four children to Westmoreland County, Pennsylvania. He and respondent had resided there for a short time before returning to their former residence in West Virginia, of which state the relator, in his answer to the bill for divorce, admitted both he and his wife were "bona fide citizens and residents."

By appropriate decree the custody of the girls (the children involved in this proceeding) was awarded to the mother and the custody of the boys, to the father, and the father was ordered to pay the mother the sum of sixty dollars per month for the support of the girls. He has never complied with that provision of the decree, which stands. unappealed from.

After removing the four children to Westmoreland County, he set up housekeeping there with Jean Hardy, whom he later married, as a housekeeper. In that connection it is interesting to note that in awarding the custody of the girls to the respondent the learned judge of the court below said: "Young girls should be protected from being reared in a home where there is any possibility of immorality. The possibility here exists." The order was dated November 20, 1944. Two days later, the relator petitioned the court for a rehearing which was granted November 25, and two days following that he and Jean Hardy applied for a marriage license. They were married December 4. In his marriage license application the relator stated that he had been twice divorced: from the mother of his children on the ground of cruelty, and from a former wife on the ground of adultery.

Relator contends that too much consideration was given to the decree of the Circuit Court of West Virginia as reflected in the opinion of the lower court and that the lower court "has entirely overlooked the best interests and welfare of the children and has permitted its sympathy for the mother of these children to be reflected in its opinion." Contrary to relator's conten-

tion, it is our opinion that the learned court below kept well within "...... the principle on which the leading cases rest, viz.: that, whenever a court is called upon to award the custody of a child, the guiding star is its welfare. And the court where the matter is pending must decide that grave question on its own best judgment, unfettered, but *not necessarily uninfluenced,* by a prior adjudication." (Italics supplied) : *Com. ex rel. v. Daven,* 298 Pa. 416, 422, 148 A. 524.

After carefully considering and weighing all of the questions involved, the learned judge of the lower court said: "We believe the best interests and welfare of the children require that they should be awarded to the mother." Having carefully examined and made an independent study of all the evidence, *Com. ex rel. Lewis v. Tracy,* 155 Pa. Super. 257, 38 A. 2d 405; *Com. ex rel. McTighe v. Lindsay,* 156 Pa. Super. 560, 40 A. 2d 881, we have reached the same conclusion.

Notwithstanding the known intention of the mother to establish a home for the girls in West Virginia, the lower court did not exceed its authority in awarding her their custody: *Com. ex rel. Black v. Black,* 79 Pa. Super. 409; *Com. ex rel. Fortunes v. Manos,* 140 Pa. Super. 352, 13 A. 2d 886; *Com. ex rel. McTighe v. Lindsay,* supra. Respondent may be required to furnish such reasonable compliance bond as may be within her means: *Com. ex rel. Fortunes v. Manos,* supra.

The duly authenticated copy of the record at No. 4899 In Equity in the Circuit Court of Preston County, West Virginia, was properly received in evidence, *Com. ex rel. v. Daven,* supra, but we are of the opinion that the lower court fell into error when it decided to "refer to the Circuit Court of Preston County, West Virginia" the matter of future visits by the children with their father or his having them in his custody at reasonable intervals. There is no necessity for referring the matter to the Circuit Court of West Virginia. Such matters should be determined by the court below.

454

It is directed that the order of the court below be amended in a manner not inconsistent herewith, the costs on this appeal to be paid by relator.