## Commonwealth ex rel. Balla *v.* Wreski, Appellant.

Argued March 8, 1949.  Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ.  (ROSS, J., absent).

*Forrest J. Mervine,* for appellant.

*Elmer D. Christine,* for appellee.

OPINION BY HIRT, J., July 15, 1949:

Relatrix, by a series of orders in this habeas corpus proceeding, has had the custody of her daughter, now eight years old, and her four-year-old son for more than two years, subject to the father's limited right of visitation.  It is the intent of the present order to permit her to take the children to her newly-established home in

California with the right in the respondent to have the children for one month each summer at Mount Pocono in this State. The order however puts the burden on him of arranging for their transportation to and from California at his own expense if he would take advantage of the privilege.

The order must be viewed against the background of these facts: The parties were married in 1939 and established their home in Mount Pocono. When relatrix left the hospital in January 1945, following the birth of her son, she did not return to her husband. Shortly thereafter she brought an action in divorce on the ground of indignities and a decree was entered in December 1945. She married Nels C. Nelson, her present husband, on September 25, 1946, and took her children to live with him in Philadelphia. Nelson then had a stable position with a manufacturer in Philadelphia as production manager at an adequate salary. They intended to build a home and establish a permanent residence in Philadelphia. Their plans were changed however and in February, 1948, Nelson left Philadelphia and secured employment with a warehouse company in Los Angeles, California. He has been living in a rented apartment there and expects relatrix to join him with her two children. Pending disposition of this appeal relatrix has remained in Mount Pocono with the children. Respondent also has remarried and lives with his wife and their infant son in Mount Pocono. The comparative fitness of the parties is not an important consideration here. Both homes are proper places and it is conceded that relatrix and her husband, as well as respondent and his wife, are proper persons to be entrusted with the care and maintenance of the children. The proofs in the uncontested divorce proceeding brought by relatrix followed a familiar pattern and do not disqualify the respondent.

The principle, that when an order is challenged as an abuse of discretion, only unusual circumstances[1] can justify the placing of a child beyond the jurisdiction of a court (*Com. ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 13 A. 2d 886) is grounded on the well-

---

[1] Orders in habeas corpus proceedings, generally, contemplate that both the children and their custodian remain within the jurisdiction of the court. And a mandate to that effect is often incorporated in such orders. We cannot agree with appellee that anything less than unusual circumstances will justify the removal of a child beyond the jurisdiction of the court. The cases support this view.

In *Pyles v. Pyles,* 157 Pa. Superior Ct. 450, 43 A. 2d 651, both the father and the mother of the children were bona fide citizens and residents of West Virginia. An order of the common pleas of Westmoreland County, where the habeas corpus proceeding was brought, properly awarded custody of their children to the mother notwithstanding her known intention of returning with them to her home in West Virginia.

In *Com. ex rel. Lamberson v. Batylko,* 157 Pa. Superior Ct. 389, 43 A. 2d 364, the parents of the child were divorced. The mother found employment in Michigan and, without abandonment, allowed her child to remain for a time with members of her family in Cambria County. On habeas corpus following her remarriage in Michigan, the mother was awarded custody, with leave to take the child to her home in that State.

In *Com. ex rel. McTighe v. Lindsay et ux.,* 156 Pa. Superior Ct. 560, 40 A. 2d 881, the custody of a child was awarded to its father who lived in New York City as against the respondents who had maintained the child in Pennsylvania, over a period. Under the circumstances, including the fact that the parents of the child were divorced and the mother was not interested in the proceeding, the court in the best interests of the child permitted its placement by the father in a proper home in New York State where he could visit the child frequently.

In *Com. ex rel. Fortunes v. Manos,* cited to the principle supra, the parents of the five-year-old child were divorced. The mother remarried and lived with her husband in Brooklyn. The lower court committed the child to its father with the direction that it be placed in yearly residence in an institutional school. We reversed, indicating that the father should provide a normal home for the child, failing which the mother should be permitted to take the child to her home in New York State for at least part of each year.

established rule that normal relationships with both parents should be maintained. *Com. ex rel. Moss v. Moss,* 159 Pa. Superior Ct. 133, 47 A. 2d 534. After relatrix remarried and her husband moved to California it was her duty to join him there. We agree that the children belong with their mother and that her obligation to her present husband is a circumstance sufficient to justify the placing of these children in her care beyond the jurisdiction of the Pennsylvania courts, but only if this may be accomplished without destroying or unduly limiting the parental relationship between respondent and his children.

The record in this case raises the suspicion that at least one of the motives which prompted relatrix and her husband to move to California was to estrange the children permanently from their father and to sever that parental tie. Nelson is attached to the children and undoubtedly would like them in his home freed from the annoyance of sharing them with the respondent. The girl was registered in the public schools as Roberta Nelson. Nelson testified that the change of residence to California was made to better his condition, but the

---

In *Com. ex rel. Black v. Black et al.,* 79 Pa. Superior Ct. 409, the father of the child was unable to establish a home for his family and returned his wife to her former home in Maryland. His parents who had the children in Pennsylvania declined to allow the mother to live with them. The lower court under the circumstances, properly awarded the custody of the children to their mother in Maryland.

*Com ex rel. Firestone v. Firestone,* 158 Pa. Superior Ct. 579, 45 A. 2d 923, was an appeal from an order suspending support of a three-year-old child because the mother took the child to Florida and, as a necessary result, the father was deprived of his rights of visitation, which were made definite by an order of court in a prior habeas corpus proceeding. The parties were divorced. The mother went to Florida for her health on advice of her physician, and took the child with her. She later intended remarriage there, and did not return. All that the case decided was that the mother's defiance of the court's order in the habeas corpus proceeding, did not relieve the father from supporting his child.

only betterment disclosed by the evidence is an increase in earnings of but $200 per year which is more than absorbed by the higher rent for an apartment which he must pay there. The court's order of December 30, 1946, following relatrix's marriage with Nelson amended the original order and gave the respondent the right "to call at the home [of relatrix] in Philadelphia at a reasonable and proper time and take said children once each week upon reasonable and proper notice . . ." Nelson in a letter written by him to respondent in February 1947 referred to the children as "my children" and indicated that he did not intend literal compliance with the order. He wrote: "Under no circumstances would my wife and I permit you to appear at our home."

The present order puts an unduly onerous condition on respondent's right to see his children. The situation is not of his making and he should not be compelled to pay a prohibitive price in time and money for the exercise of a right which the law gives him, with the estrangement of the children from him, their natural father, as an alternative. It is our considered judgment that if the children are to live with relatrix in California the whole obligation must be imposed on her of returning them to the respondent at his home in Pennsylvania each summer for the period of one month. And to insure that respondent's rights will be preserved, in that respect, this is a proper case in which a bond should be required of the relatrix in an adequate amount, with sufficient surety to be approved by the lower court, for compliance with the order and for the return of the children to the jurisdiction of the court whenever directed by it. That such compliance bond may be required by the court on allowing the removal of a child to a foreign jurisdiction, is well settled: *Com. ex rel. Keller v. Keller,* 90 Pa. Superior Ct. 357; *Com. ex rel. Fortunes v. Manos,* supra. If the relatrix is unwilling to assume that responsibility, the alternative may be the placement of the children

with respondent in his home in Mount Pocono subject to the right of visitation by the relatrix and her right to have the children at all proper times. Respondent is attached to his children and both he and his present wife are willing and able to care for them properly. In general it is desirable that the needs of young children be served by their mother, *Com. ex rel. Keller v. Keller,* supra, but, as has been suggested, the rule "should not be carried further than the circumstances in each case require": *Com. of Pa. ex rel. Stark v. Stark,* 94 Pa. Superior Ct. 86.

The record is remitted to the lower court for a new or amended order not inconsistent herewith.