Commonwealth ex rel. Roberts *v.* Roberts, Appellant.

Argued March 23, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Leonard Turner,* for appellant.

*Sylvan H. Savadove,* for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

The relatrix instituted a habeas corpus proceeding to obtain custody of her three children who reside with the respondent father. Custody was awarded to the relatrix providing, however, that she reside with them at the home of the maternal grandmother in South Carolina. The father obtained a supersedeas allowing him to retain custody pending final adjudication.

The evidence indicates that relatrix left her marital home, her husband and three children in 1946; and that the father brought the children to his mother's home in South Carolina where they resided until they were

taken, without his consent, to the maternal grandmother in the same town. In 1952 the father went to South Carolina and brought them back to Philadelphia. The same year he obtained a divorce from his wife on the grounds of desertion and soon thereafter remarried and now lives with his second wife with whom he has two other children.

There is no question that both homes are suitable places for these children to live. The mother has no room for them at the place where she resides in Philadelphia. Where the choice is between the home of a parent and that of someone else, both equally acceptable, the law will normally direct that custody be given to the parent. *Commonwealth ex rel. McTighe v. Lindsay,* 156 Pa. Superior Ct. 560, 40 A. 2d 881. The court below, aware of this rule, therefore conditioned its order returning the children to South Carolina upon relatrix's making that state her residence also.

There are several difficulties with the lower court's position. First, it is clear from the record that the court had made up its mind before testimony was heard that the children must return to the South. It was also under the mistaken impression that the custody had previously been adjudicated and determined in favor of the maternal grandmother. This error was based upon the fact that in 1951 a support order was entered against the father by agreement and ordered paid to the grandmother; early in 1952 it was increased again by agreement. The court below erroneously mistook a support order for a decree awarding custody. It therefore concluded that respondent had unlawfully removed his children to Philadelphia in violation of a court order.

Furthermore, it was testified that the mother found it necessary to live in the North in order to support herself and that she returned here in 1947 after spending

several months with the children in South Carolina. There is no evidence to indicate that this will not continue. In fact there is no indication from the record that relatrix has any desire or real willingness to return permanently to her native state. At the court's behest she said that she would go to South Carolina with the children but she never even implied that she would settle there permanently, which is required by the decree. In the event that she returned to Pennsylvania, respondent would then be required to bring a habeas corpus action in South Carolina in order to regain custody.

The order appears to us to be an effort to circumvent the rule favoring a parent, and the condition attached thereto to be unenforceable. If the mother had a suitable home for the children herself, with or without the grandmother, a more clear cut issue between the two parents would be presented. But on this record the respondent father, whose home appears quite suitable, is entitled to retain custody.

Order reversed.