Commonwealth ex rel. Maines *v.* McCandless, Appellant.

158

Argued November 11, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Lee C. McCandless,* for appellant.

*Charles E. Dillon,* for appellee.

OPINION BY WRIGHT, J., March 16, 1954:

This case involves a habeas corpus action instituted by Catherine S. Maines, a resident of Florida, against her former husband, Dean L. McCandless, a resident of Pennsylvania, to obtain custody of their minor child, Mary Catherine McCandless. Custody was awarded to the mother, subject to certain visitation rights. The father then appealed to this court. The mother was subsequently directed by the court below to file a compliance bond. We are informed that she has done so, and that the child is presently with the mother.

The parties were married in Florida on July 18, 1947, and Mary Catherine was born on September 22, 1948. At the time of the marriage, appellee had been married twice previously, both prior unions having been terminated by divorce. A daughter was born to the first marriage, which child was thirteen years old at the time of the hearing. During their married life, the parties resided in Bradenton, Florida, the home of the wife's parents. Her father is a farmer and fruit grower. Her mother is a teacher in the Bradenton High School. Appellant's parents operate a tourist camp there during the winter months. In the summer of

1951, appellant returned to his native home in Pennsylvania and has since resided in this State. In August of that year, he went to Florida, took the child, and started back to Pennsylvania. Appellee thereupon had a non-support warrant issued, by virtue of which appellant was apprehended in Valdosta, Georgia. Appellee and her attorney went to Valdosta where, with appellant and his attorney, a separation agreement was executed, providing for a property settlement and the custody of the child. The parties then returned to Bradenton where appellee filed a suit for divorce. The appellant appeared in this action and was represented by counsel.

The final decree of the Circuit Court of Manatee County, Florida, dated September 7, 1951, sets forth ". . . that the Complainant is a fit and proper person to have the general care, custody and control of the minor daughter of the parties, namely, Mary Catherine McCandless: that the parties have heretofore entered into a valid Separation Agreement regarding the custody of the said minor child, her support, and the property of the parties, which said Agreement the. Court finds reasonable and herewith approves, and it is therefore further . . . Ordered, Adjudged and Decreed, in accordance with the said Separation Agreement, that the Complainant, Catherine S. McCandless, shall have the general care, custody and : control of the minor daughter of the parties; namely; Mary Catherine Mc-Candless: that the Defendant, Dean. L. McCandless; shall have the right to have the said daughter visit him at his separate home during three (3) months of each summer and for one (1) week during or about the Christmas vacation of each year, provided, however, that the Defendant shall be required to furnish transportation and supervision. of and for the said child to and from the home of the Complainant . . . ."

On January 11,. 1952, the appellee married Robert Earl Maines and presently resides with him in Jacksonville, Florida. To this union a son was born on October 19, 1952. Appellant has not remarried. He is employed in a cabinet shop in Evans City, Butler County, Pennsylvania. He rooms and boards with a reputable older woman, who cares for the child while the father is at work. At the conclusion of the child's visit to Pennsylvania in the fall of 1952, appellant refused to return her to the mother.

The applicable legal principles were considered in the recent case of *Commonwealth ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437, and need not be here restated at length. In brief, we regard the findings of fact made by the foreign court as established. The question of custody is then subject to our independent determination on the basis of those facts, together with any change in circumstances which may have occurred since the foreign decree. The governing criterion is the welfare of the child under the conditions presently existing. Weight is to be given to the fact that the parties appeared before the hearing judge, who had full opportunity to pass upon their ability and character. In this connection, the Supreme Court has said that our broad power of review under the Act of July 11, 1917, P. L. 817, §1, 12 P.S. §1874, "was never intended to mean that an appellate court is free to nullify the fact-finding function of the hearing judge": *Commonwealth ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A. 2d 350.

Appellant's first contention is that full faith and credit should not be given "to a custody decree of a foreign Court attached to a divorce decree based on an agreement given by the appellant in order to gain his freedom from jail". No question is raised concerning the jurisdiction of the Florida Court over the parties

or the subject matter. The agreement was expressly approved in the divorce decree. It is too late for appellant to raise here a question which should have been presented in the Florida proceeding. In any event, the record does not support his complaint that the agreement was secured by coercion.

Appellant's second contention is that the welfare of a child is paramount to the right of the mother to its custody. This proposition is applicable only in situations where the welfare of the child is best served by awarding its custody to some one other than the mother. We have consistently held that, unless there are compelling reasons to the contrary, a mother is better qualified to rear a child of tender years: *Commonwealth ex rel. Gates v. Gates,* 161 Pa. Superior Ct. 423, 55 A. 2d 562. Appellant cites *Commonwealth ex rel. Kreiling v. Kreiling,* 156 Pa. Superior Ct. 526, 40 A. 2d 704, but in that case the attention paid by the mother to men other than her husband had "submerged her maternal obligations". In *Commonwealth ex rel. Swartzwelder v. Swartzwelder,* 162 Pa. Superior Ct. 366, 57 A. 2d 610, also cited, a six year old boy had lived in his father's home since birth. We held that it was for the best interest of the child to continue the existing living arrangement, especially since relatrix in that case appeared "to be motivated more by a hostile feeling toward respondent than by a deep-seated concern for the child's present and future welfare".

We therefore come to appellant's third and basic contention that, under the circumstances in the present case, the welfare of the child would best be served by awarding her custody to the father. The testimony mainly relied upon concerns occurrences prior to the divorce and, as the lower court points out, is largely a matter of "vague innuendo". Emphasis is placed on the fact that the child expressed a wish to stay with

the father. This is a factor which should be considered, but it is not controlling: *Commonwealth ex rel. Goldbaum v. Goldbaum,* 161 Pa. Superior Ct. 131, 53 A. 2d 746, especially since the child was only four years of age at the time. Appellee's present husband has a responsible position as manager of a Standard Oil service station. He and his wife reside in a new home on a large lot. He has accepted his wife's children by her former marriages into the household and treats them as his own. Since the Florida decree there has been no adverse change in circumstances so far as appellee is concerned. On the contrary, the record shows that she is now even better able to take care of the child.

Appellant complains that the effect of the lower court's decision is to place the child beyond the jurisdiction of the court, citing *Commonwealth ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 13 A. 2d 886. But in that case, speaking through Judge HIRT, we said that "there can be no doubt as to the power of the court to commit the custody of a child to a nonresident parent". And see *Pyles v. Pyles,* 157 Pa. Superior Ct. 450, 43 A. 2d 651. In such event, a compliance bond is generally required: *Commonwealth ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 101 A. 2d 452. We should not be unmindful in the case at bar of the fact that the child was originally domiciled in Florida, and came within our jurisdiction only by reason of the mother's compliance with the custody decree of the Florida court.

Decisions in cases of this character are always unpleasant. The father is undoubtedly devoted to the child and would give her all the care and attention of which he is capable. However, considering all of the circumstances, including the age and sex of the child: *Commonwealth ex rel. Piper v. Edberg,* 150 Pa. Superior Ct. 378, 28 A. 2d 460, we agree with the court be-

low that the little girl's welfare is best served by allowing her to remain with her mother.

The order is affirmed at appellant's cost.