## Klinger *v.* McKenna, Appellant.

Argued March 25, 1954. Before Ross, Gunther, Wright, Woodside and Ervin, JJ. (Rhodes, P. J. and Hirt, J., absent).

*William Vincent Mullin,* for appellants.

*Joseph L. Comber,* for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

This is a dispute between a father and the maternal grandparents over the custody of a child. The child was born in October 1952 and the mother died in May 1953. Custody was then given to the mother's parents by written agreement with the father, the child to remain there until "otherwise agreed between the parties." The father was at that time in the Navy, but is scheduled for discharge in May, 1954. He has remarried and plans to live with his new wife's family in Rhode Island after he leaves the service. The court below awarded custody to the father.

The appellant grandparents do not dispute the principle that the natural father has a primary right to the custody of his child, but contend that this action is premature. They ask that custody remain with them until the best interest of the child compels a change. The appellants have concededly provided a good home for the child. They are unable, however, to point to any real complaints as to the proposed new home. At the time of the hearing the father was in the service and his wife was employed, but this arrangement is to cease upon his discharge. The court below was impressed by the father and his wife, and their testimony indicates that their home in Rhode Island is quite acceptable.

The court below was correct in assessing this situation as one in which grandparents have become very attached to the offspring of their deceased child and cannot bring themselves to give him up. However, any delay would only aggravate the problem. No compelling reasons having been shown, the law requires that the parent be given the custody of his own child. *Com. ex rel. McTighe v. Lindsay,* 156 Pa. Superior Ct. 560, 40 A. 2d 881; *Nangle Petition,* 172 Pa. Superior Ct. 629, 95 A. 2d 341; *Com. ex rel. Gardner v. Eastman,* 172 Pa. Superior Ct. 496, 94 A. 2d 175.

Order affirmed.