MARCELLE M. CHATELAIN *vs.* WILLY CHATELAIN.

JUNE 27, 1961.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

ROBERTS, J.   This is the petition of the respondent in a divorce action for a modification of that provision of the final decree entered therein granting custody of the minor children of the parties to the petitioner, who prevailed in that action.   Included in the instant petition is a prayer for injunctive relief.   The petition was heard in the superior court, and thereafter a decree was entered denying the respondent's prayers for a change of custody and for injunctive relief.   Upon the petitioner's prayers therefor the court in the decree granted her permission to temporarily remove the children from the jurisdiction of the court and to suspend temporarily the right of visitation given to the respondent in a prior decree.   From the latter decree the respondent has prosecuted his appeal to this court.

It appears from the evidence that the final decree was entered on November 1, 1957 and that thereafter, in January 1958, respondent went to Texas in order to accept an offer of employment and while in that state in April 1958 married his present wife.   Thereafter, in January 1959, he went to California to accept another offer of employment, and he is presently living in that state with his second wife and her child by a prior marriage.

It further appears from evidence not contradicted that petitioner remained in Providence where she maintained a home, supporting herself and the minor children on the allowance for support paid her by respondent pursuant to the prior decree and by engaging in some part-time employment.   It also appears that petitioner was born in Switzerland but that in 1956 she became a naturalized citizen of the United States.   All of the children of the parties were born within the continental limits of the United

States. The parents of petitioner, that is, the maternal grandparents of the children, are both alive and reside in the town of Moutier, Switzerland. It appears from the evidence that they were visited by petitioner and the older of the children on two prior occasions.

During January 1960 petitioner wrote to respondent to inform him that during the spring of that year she was going to visit Switzerland where she intended to remain for an indefinite period. It appears from her testimony that she and the children intended to remain in Switzerland for about two years and to live at the home of her parents. There is a conflict in the evidence as to whether respondent stated his approval of this trip at the time he was first informed about it. However that may be, he caused the instant petition to be filed in the superior court on March 16, 1960, praying that the custody provisions of the prior decree be modified and that petitioner be enjoined from removing the children from the jurisdiction of the court.

That petition was heard by a justice of the superior court sitting as a court of domestic relations, who thereafter entered a decree denying respondent's petition for a change of custody and his prayer for injunctive relief. The court further granted petitioner's prayers that had been set out in her answer to the petition, giving her permision to remove the children from the jurisdiction of the court until April 30, 1962 and suspending respondent's right of visitation until that date.

The first contention of respondent is that the superior court erred in denying his petition for a change of custody. In determining conflicting claims as to custody, the paramount consideration is the welfare of the children. When the superior court, having once determined who is to have custody, is asked to change the custody so determined, the controlling factor is still the welfare of the children, but on such a motion the burden of proof is on the moving party who, in order to prevail, is required to show by a

preponderance of the evidence that such a change in the custody is necessary in the interest of the children's welfare. *Lawrence* v. *Lawrence*, 85 R. I. 13. This court in *Kelley* v. *Kelley*, 77 R. I. 229, in reviewing an action of the superior court on a motion for a change in custody said at page 231: "Clearly, therefore, the respondent, who is now pressing the motion, had the burden of showing by a fair preponderance of the evidence that because of altered conditions and circumstances or for other good reasons such a change of custody was necessary in the interest of the children's welfare."

In this case a mere reading of the transcript is persuasive that the evidence adduced by respondent is insufficient to sustain the burden of proof raised by his petition. There is little, if any, evidence that is probative of a material change in the circumstances surrounding the custody of these children other than respondent's own testimony that he had acquired a permanent home in California. This latter fact, in our opinion, does not establish the change of circumstances contemplated in the rule here applicable. *Loebenberg* v. *Loebenberg*, 85 R. I. 115, 120. Neither do we find any evidence which persuades us that he has shown any other good reason for changing the custody of the children. The respondent himself repeatedly testified that his objection was to petitioner's taking them to Switzerland and not to her continued custody.

There was some conflicting testimony as to whether the home of the maternal grandparents was adequate and suitable for housing the children. There was also similarly conflicting testimony as to whether a prolonged stay in Switzerland would have an adverse effect upon their education. There was, however, no testimony that they would not continue to attend school in Switzerland or that the educational facilities available in Moutier were not such as to provide them with reasonably adequate instruction. The trial justice in his decision made it clear that he was

considering the burden of proof involved in the issue raised. Implicit in his decision was his conclusion that that burden had not been sustained. He had the opportunity to observe and to hear the witnesses, and the credibility to which they were entitled as well as the weight that properly should be given to their testimony was in the first instance for his determination. In such circumstance we cannot say that he was clearly wrong when he reached such conclusion. That we will not disturb the decision of a trial justice sitting as a court of domestic relations unless that decision was clearly wrong is too well settled to require any citation of authority.

The respondent also urges that it was error to grant petitioner's prayers for permission to remove the children from jurisdiction until April 30, 1962 and to suspend his right of visitation until that time. A motion made by one who has been granted custody of a child to remove that child from the jurisdiction of the court is addressed to the sound judicial discretion thereof and will be reviewed by this court only on the ground of an abuse of that discretion. *Lawrence* v. *Lawrence, supra.* The welfare of such child is the paramount consideration in the determination of such a motion, as this court clearly indicated in the significant dicta set out in *Leighton* v. *Leighton,* 48 R. I. 195. This court in that dicta suggested that while a right of visitation given to the divorced parent of a child is of great importance, such parent, having been refused custody, has no right to dictate the place of residence of the parent to whom the custody was given. It has been recognized generally that in determining such motions, consideration should be given to whether, if such permission be granted, it would unreasonably infringe upon the other parent's right of visitation, *Butler* v. *Butler,* 83 N. H. 413, or make the exercise of such right of visitation unduly onerous. *Commonwealth ex rel. Balla* v. *Wreski,* 165 Pa. Super. 6. When it appears that to sustain such a right of visitation

would adversely affect the welfare of the child, that right, being subordinate to the child's welfare, must yield thereto. *Bruguier* v. *Bruguier,* 12 N. J. Super. 350. In *Butler* v. *Butler, supra,* the New Hampshire court aptly stated the rule when it said at page 416: "While access to the child by the parent denied custody is an important right, it is one that must yield to the greatest good of the child."

The language employed by the trial justice in stating his decision from the bench makes it clear that he correctly conceived the applicable law. Very properly he subordinated respondent's right of visitation to the salutary effect of a trip to Switzerland on the welfare of the children. He made specific reference to the advantages that could be reasonably expected to accrue to the children by reason of such travel, residence in a foreign country, and becoming in some degree bilingual. It is our opinion that in thus dealing with the issues presented to him for determination he exercised his discretion reasonably and with a view to the rights of all the parties to the proceeding. *Colitz* v. *Gilbert,* 53 R. I. 319. It is then our opinion that the trial justice did not err in granting permission to petitioner to remove the children from the jurisdiction.

In so concluding, we are not overlooking the fact that the trial court did not require petitioner to furnish surety for a return of the children in compliance with the terms of the decree. Conceding the desirability in the ordinary case of conditioning such permission on the furnishing of some reasonable surety for compliance therewith, we do not think that his omission to do so in this case constituted an abuse of discretion. In the first place, it is clear from the record that petitioner was without financial ability to provide any reasonable surety to secure her performance, and to have required her to do so would have been in effect to deny the permission sought by her. In the second place, we are of the opinion that the court made a sufficient inquiry into the circumstances surrounding the trip to be un-

dertaken by petitioner to be reasonably assured that it is her intention to comply with the terms of the decree.

Because we reach this conclusion as to the propriety of the court's action in granting permission to take the children from the jurisdiction and in suspending the respondent's right of visitation, we do not perceive that it would serve any useful purpose to discuss whether the action of the court in denying the prayer for injunctive relief constituted prejudicial error.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Charles H. Anderson,* for petitioner.

*Thomas H. Needham,* for respondent.