deNunez, Appellant, *v.* Nunez, Appellant.

Argued September 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William F. Sullivan, Jr.,* with him *Obermayer, Rebmann, Maxwell & Hippel,* for appellant.

*Franklin J. Seyfert,* with him *D. Michael Emuryan,* and *Seyfert & Emuryan,* for appellee.

OPINION BY HOFFMAN, J., November 11, 1971:

This is an appeal by a father from an order of the lower court requiring him to post a $35,000 bond as a pre-condition to his being granted extensive visitation privileges with his daughter.

This order by the lower court was issued five days after our Court affirmed per curiam the original order of the lower court requiring that bond be set in the amount of $5,000. Appellant argues that the lower court was bound by our per curiam order and could not thereafter raise the amount of the bond originally fixed.

Our per curiam order, however, was not intended to fix the amount of the bond at $5,000. Indeed, the lower court in its opinion written prior to our deciding the original appeal specifically stated "[o]ne place we slipped. In fixing the bond as a guarantee for the safe return of the child from vacation with his father at Five Thousand ($5,000) Dollars, we completely overlooked the fact that this amount of bond would be a small price to pay for possession of this child. As a consequence, if our Order is allowed to stand, we will substantially increase the amount of the bond."

After a careful review of the record in light of the principles set forth in *Commonwealth ex rel. Balla v. Wreski,* 165 Pa. Superior Ct. 6, 67 A. 2d 595 (1949) and *Commonwealth ex rel. Keller v. Keller,* 90 Pa. Superior Ct. 357 (1927) we believe that a bond of $15,000 is sufficient to assure the father's return of the child.

The order of the lower court is modified so that bond posted shall be in the amount of $15,000.

WRIGHT, P. J., WATKINS and JACOBS, JJ., would affirm on the opinion of the court below.